UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANDRE PICARD,<br><br>    Petitioner,<br><br> v.<br><br>COLVILLE TRIBAL JAIL, COLVILLE TRIBAL COURT and CONFEDERATED TRIBES OF THE COLVILLE RESERVATION,<br><br>    Respondent. | NO: 2:19-CV-00244-TOR<br><br>ORDER DISMISSING PETITION |

BEFORE THE COURT is Petitioner Andre Pierre Picard's Petition for Writ of Habeas Corpus. ECF No. 1. The Petition was submitted on July 16, 2019 and Respondent the Confederated Tribes of the Colville Reservation filed a Response on September 16, 2019. As of the date of the entry of this Order, Petitioner has not filed a Reply. The Court – having reviewed the Petition and the Response thereto – is fully informed.

ORDER DISMISSING PETITION ~ 1

In short, Petitioner asserts that the Colville Tribal Court sentenced him to 360 days of jail time for each of three convictions. ECF No. 1 at 4. Petitioner contends that the Colville Tribe does not have authority to sentence him to more than one year in jail and requests habeas relief pursuant to 25 U.S.C. § 1303 of the Indian Civil Rights Act (ICRA). ECF No. 1 at 5.

Respondents assert that Petitioner is not currently in tribal custody and that Petitioner's appeal before the Tribal Court of Appeals is still pending (failure to exhaust remedies). ECF No. 10 at 3. Respondents assert the Petition should be denied as a result. The Court agrees.

Section 1303 of the ICRA provides: "The privilege of the writ of habeas corpus shall be available to any person, in a court of the United States, to test the legality of his detention by order of an Indian tribe." 25 U.S.C. § 1303. All federal courts addressing the issue mandate that two prerequisites be satisfied before they will hear a habeas petition filed under the ICRA: (1) The petitioner must be in custody, and (2) the petitioner must first exhaust tribal remedies. *Jeffredo v. Macarro*, 599 F.3d 913, 918 (9th Cir. 2010) (quotes, brackets and citation omitted); and see *Tavares v. Whitehouse*, 851 F.3d 863, 877 (9th Cir. 2017) ("statutory interpretation and the legislative history support reading detention more narrowly than custody, but to the extent that the statute is

ambiguous, we construct the statute in favor of Indian sovereignty in accord with the Indian canons of construction").

Because Petitioner is not in custody and has not exhausted tribal remedies, this Court lacks jurisdiction to proceed.

While Petitioner has not provided this Court with his current address, Respondent has served him at an alternate address listed at ECF No. 10 at 6.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Petitioner Andre Picard's Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED**.

2. The Court further certifies that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

The District Court Clerk is directed to enter this Order and Judgment accordingly, provide a copy to the parties (including Petitioner's address listed at ECF No. 10 at 6), and **close** the file.

**DATED** December 9, 2019.



THOMAS O. RICE
Chief United States District Judge

ORDER DISMISSING PETITION ~ 3